# Third District Court of Appeal

## State of Florida

Opinion filed June 16, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0784
Lower Tribunal No. 15-16110
_____

**R.H., the Father,**
Petitioner,

vs.

**Department of Children and Families, et al.,**
Respondents.

A Case of Original Jurisdiction – Prohibition.

Cooke Law, P.A., and Stewart M. Cooke, for petitioner.

Laura J. Lee, and Thomasina F. Moore (Tallahassee), for Guardian ad Litem Program; Karla Perkins, for the Department of Children and Families, for respondents.

Before FERNANDEZ, MILLER, and LOBREE, JJ.

MILLER, J.

Petitioner, R.H., the father, seeks a writ of prohibition to prevent the assigned trial judge from further presiding over his termination of parental rights proceedings. In the disqualification motion filed below, the father alleged that at the permanency hearing, drawing on extrajudicial knowledge, the trial court prejudged the credibility of an expert witness central to his future trial. While we are cognizant of the "flexibility and informality characteristic of dependency proceedings," and the fact that dependency judges routinely encounter the same experts, neutrality and the appearance of neutrality are equally critical in maintaining the integrity of our judicial process. M.W. v. Davis, 756 So. 2d 90, 108 (Fla. 2000). It is essential that the factors impacting the assessment of the credibility of an expert be derived solely from the record of the proceedings. Hence, the allegations, as penned, were sufficient to "create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial." Valdes-Fauli v. Valdes-Fauli, 903 So. 2d 214, 216 (Fla. 3d DCA 2005) (citations omitted). Accordingly, we grant the petition, but, confident that the trial judge will disqualify herself from the proceedings, withhold formal issuance of the writ.

Petition granted; writ withheld.